72 F.3d 128
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar Nelson PITTS, a/k/a Marlon Smith, Defendant-Appellant.
 No. 95-5248.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 5, 1995.
Decided: Dec. 19, 1995.
 
 Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. James C. Turk, District Judge. (CR-94-68-L)
 Patrick C. Buchanan, Jr., ERIC ROLAND SPENCER, P.C., Roanoke, VA, for Appellant. Robert P. Crouch, Jr., United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, Andrew R. Haskell, Roanoke, VA, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Edgar Nelson Pitts appeals his conviction, following a jury trial, on charges of conspiracy to possess with intent to distribute crack cocaine and marijuana, carrying a firearm during and in relation to a drug trafficking crime, and possession with intent to distribute crack cocaine in violation of 21 U.S.C.A. Secs. 841(a), 846 (West 1981 & Supp.1995), 18 U.S.C.A. Secs. 2, 924(c) (West 1969 & Supp.1995). Pitts timely filed this appeal, contending only that he was denied his constitutional right of confrontation when the trial court allowed the introduction of a witness's grand jury testimony. For the reasons set forth below, we affirm Pitts's conviction.
 
 
 2
 The evidence at trial, construed in the light most favorable to the Government,* revealed that Pitts was involved in a drug trafficking operation in Lynchburg, Virginia. On the evening of April 12, 1994, Special Agent Donald Harris and Lynchburg Police Investigator Jerome Stokes (hereinafter, the "officers") were surveilling a house suspected to be the location of a large drug transaction. Upon hearing shots fired, the officers drove closer to the scene and saw a van leaving the area with its headlights off heading directly for them. The officers swerved to avoid a head-on collision.
 
 
 3
 As the officers chased the van, Pitts fired four shots at them. The officers radioed for backup, and the van was blocked and stopped. In the ensuing confusion, one of the occupants of the car escaped. The remaining occupants, Pitts and three other men, were arrested. Police recovered firearms, marijuana, and crack cocaine from the van and over five thousand dollars in currency from Pitts. A trained police dog "alerted" on the currency found in Pitts' pocket, and Pitts testified that he had two marijuana joints in that pocket.
 
 
 4
 The three men who rode in the van and were arrested with Pitts testified that they had seen Pitts with crack cocaine and that he was dealing drugs in Lynchburg. They also testified that Pitts carried a gun.
 
 
 5
 Pitts alleges that the district court erred in allowing the introduction of Wilmer Lewis Jones's grand jury testimony, claiming that the evidentiary ruling violated his constitutional right of confrontation. At trial, the Government attempted to call Jones, but Jones refused to answer any questions and asserted his Fifth Amendment right against self-incrimination. Over defense counsel's objection, the court ruled that Jones was unavailable as a witness and admitted the transcript of Jones's grand jury testimony into evidence. Defense counsel then attempted to conduct a cross-examination of Jones, who refused to answer any questions. Defense counsel renewed his objection to the testimony, asking that it be struck. The court overruled the objection.
 
 
 6
 When Jones appeared before the grand jury, he testified about his involvement in the drug trafficking operation of which Pitts was a part. He testified that Pitts was a drug trafficker and carried a firearm during his drug transactions. Very little of Jones's testimony, however, directly concerned Pitts. For the most part, Jones testified regarding his own involvement and the actions of the co-conspirators.
 
 
 7
 When a declarant is unavailable as a witness, Fed.R.Evid. 804(b)(5) permits the use of a hearsay statement not specifically covered by any exception if the statement has equivalent circumstantial guarantees of trustworthiness, and if the court determines that: (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point than other evidence which the proponent could procure through reasonable diligence; and (3) the general purpose of the rules and interests of justice will best be served by admission of the statement. Grand jury testimony which carries circumstantial guarantees of trustworthiness is admissible under Rule 804(b)(5). United States v. Thomas, 705 F.2d 709, 711-12 (4th Cir.), cert. denied, 464 U.S. 890 (1983); United States v. Walker, 696 F.2d 277, 280-81 (4th Cir.1982), cert. denied, 464 U.S. 891 (1983). Where reliability of this testimony is otherwise assured, as by preservation of other elements of confrontation such as oath, cross-examination, and observation of demeanor by trier of fact, the Confrontation Clause is satisfied. Maryland v. Craig, 497 U.S. 836, 845-46 (1990).
 
 
 8
 The finding of a trial judge on the guarantees of trustworthiness are subject to the clearly erroneous standard of review. United States v. Workman, 860 F.2d 140, 144 (4th Cir.1988), cert. denied, 489 U.S. 1078 (1989). In this case, we do not conclude that the district court clearly erred. Although the jury did not observe Jones's demeanor and Jones was not subject to cross-examination, his testimony was consistent with the other evidence adduced at trial, and Pitts did not take issue with most of the particulars of Jones's testimony.
 
 
 9
 Moreover, Confrontation Clause violations are subject to the harmless beyond a reasonable doubt standard for constitutional error. Idaho v. Wright, 497 U.S. 805, 827 (1990); Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). Given the ample evidence against Pitts, even without considering Jones's grand jury testimony, we find that the jury's findings of guilt are well supported.
 
 
 10
 Accordingly, we affirm Jones's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 See Glasser v. United States, 315 U.S. 60, 80 (1942)